MEMORANDUM OPINION

No. 04-05-00740-CR

Douglas Edward DOCKERY,

Appellant

v.

The STATE of Texas ,

Appellee

From the 227th Judicial District Court, Bexar County, Texas

Trial Court No. 2004-CR-6930

Honorable Philip A. Kazen, Jr. , Judge Presiding




Opinion by: Alma L. López, Chief Justice



Sitting: Alma L. López, Chief Justice

 Catherine Stone , Justice

 Karen Angelini , Justice



Delivered and Filed: November 1, 2006



AFFIRMED

 Douglas Edward Dockery was convicted of evading arrest/detention after a bench trial. On appeal, Dockery contends that
the evidence is factually insufficient to support the trial court's finding that he had the requisite intent to commit the offense. 
Dockery also contends that trial counsel rendered ineffective assistance of counsel. We affirm the trial court's judgment.



Background


 Around midnight, Officer Paul Woodward initiated a traffic stop of a vehicle traveling 76 m.p.h. in a 65 m.p.h. zone. 
When Officer Woodward activated his emergency lights, the driver, who was later identified as Dockery, locked up the
brakes and slid to the right-hand shoulder. Dockery quickly exited the vehicle and was very agitated and upset. He rapidly
walked toward Officer Woodward's vehicle and was yelling at him. Officer Woodward stated that most of what Dockery
was saying was incomprehensible; however, Dockery did state that they would have to shoot him. Officer Woodward
heavily suspected that Dockery was intoxicated. Officer Woodward instructed Dockery to have a seat in his vehicle. As
Dockery returned to his vehicle, Officer Woodward instructed him over the PA system to keep his hands in view and place
his keys on the roof of his car. When Dockery returned to his vehicle, he drove off. Officer Woodward's emergency lights
were activated during the entire stop.

 Officer Woodward pursued Dockery, whose speed fluctuated between 80 m.p.h. to 105 m.p.h. for approximately seventeen
to twenty miles. About three to five miles into the chase, Sergeant Smith joined the pursuit. After an additional two miles,
Officer Knutson also began following Dockery and the other officers. At some point, a police helicopter joined the chase
and remained directly over Dockery, spotlighting his vehicle. Once the helicopter was in place, the officers deactivated
their emergency lights in an effort to get Dockery to slow down. A Bexar County sheriff's officer also attempted to spike
Dockery's tires. Eventually, Dockery exited the highway, pulled into a gas station, and stopped in a parking space.

 The officers pulled in behind Dockery; however, Dockery remained in his vehicle staring straight ahead for about fifteen to
twenty seconds. When Dockery exited his vehicle, Sergeant Smith approached him and tried to calm him down. In
response to Smith asking whether he was okay, Dockery stated, "we're okay." Dockery told Sergeant Smith that he ran
because God told him to run. Dockery also stated that his name was John, and he was 6,000 years old. Officer Woodward
approached Dockery from behind and placed handcuffs on him after Dockery reluctantly placed his hands behind his back. 
In searching Dockery, Officer Woodward recovered a considerable amount of prescription medication in various pockets,
including Ritalin and Ativan. Dockery's vehicle also contained many medicine containers.

 Officer Woodward placed Dockery in his patrol car and drove him to the detention center. Officer Woodward stated that
Dockery followed his instructions and seemed to understand the instructions that were given. Officer Woodward stated that
Dockery's behavior drastically changed from the initial stop to the arrest. Dockery also followed the instructions he was
given upon his arrival at the detention center. Officer Woodward did not recall Dockery making any statements after the
arrest.

 John Sparks, M.D. testified that Dockery was screened for mental health issues and was diagnosed as bipolar. Although
Dockery admitted to taking Ritalin for ADHD, he denied having any mental illness. Dr. Sparks testified that adults are
rarely prescribed Ritalin because it is addicting and similar to an amphetamine. While in jail, Dockery refused medication
and treatment. After being given the background facts of the events preceding Dockery's arrest, Dr. Sparks testified that
Dockery knew his conduct was wrong. Dr. Sparks testified that Dockery was sane at the time of the offense.

 Dockery testified that he understood the level of his offense was a state jail felony punishable by two years. Dockery stated
that he had been forced to take a prescription medication, Zyprexa, on two occasions; once by a doctor and once by a SAPD
officer. Dockery stated that the Zyprexa had adverse affects on his ability to concentrate, and he stopped taking the
medication. Dockery also testified that he had previously been arrested, taken to Nix Hospital, and injected with some other
medication. Dockery testified that he remembered pulling over on the night in question because he saw the officer's lights. 
Dockery stated that he knew something was wrong but could not comprehend the officer's authority. Dockery recalled
telling the officer that the officer would have to shoot him and then returning to his car and driving away. Dockery stated
that he stopped at the gas station to get a soda to clear his head.

Factual Sufficiency


 In his first issue, Dockery contends that the evidence is factually insufficient to prove that he had the requisite intent to
evade arrest/detention. In conducting a factual sufficiency review, we view all the evidence in a neutral light and will set
aside the verdict only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary
evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). We are not permitted to reweigh the evidence, rather we defer to the
trier-of-fact's findings, particularly those based on credibility determinations. Cain v. State, 958 S.W.2d 404, 407-09 (Tex.
Crim. App. 1997).

 Dockery admitted pulling over when he saw Officer Woodward's lights activated and recalled driving away after telling the
officer that he would have to shoot him. Dr. Sparks testified that Dockery knew his conduct was wrong, and the officers
testified that Dockery understood the instructions he was being given. Knowledge of wrongful conduct can be indicated by
an attempt to elude police officers. Boddie v. State, No. 04-00-00422-CR, 2001 WL 576594, at *2 (Tex. App.--San
Antonio May 30, 2001, no pet.) (not designated for publication). In this case, Dockery led the officers on a high speed
chase for approximately twenty miles. Although Dockery's testimony at trial was rambling and confusing at times, the trial
court, as the fact finder, was required to evaluate his credibility. (1) The evidence is factually sufficient to support Dockery's
conviction.

Ineffective Assistance of Counsel


 In his second issue, Dockery contends trial counsel was ineffective in failing to file pre-trial motions, failing to obtain a
ruling on his motion for community supervision, and failing to object to approximately six answers given during the
testimony of three different officers. Dockery asserts that objections should have been made on the basis of hearsay and
unqualified opinions as to Dockery's state of mind.

 To prevail on a claim for ineffective assistance of counsel, Dockery must show by a preponderance of the evidence that
counsel's performance was deficient, i.e., that his assistance fell below an objective standard of reasonableness. Thompson
v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). In addition, Dockery must show a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding would have been different. Id. "There is a strong
presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Id. at 813. "To defeat
the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness." Id. at 814. 

 The record in this case is silent as to the reason trial counsel did not file the motions suggested in the brief or object to the
statements in question. Although the State proffers various possible reasons for the actions taken by trial counsel, we
cannot speculate as to counsel's possible strategies from a silent record. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). Since the record is silent, Dockery cannot overcome the presumption that his trial counsel's decisions during
trial fell within the wide range of reasonable professional assistance. Thompson, 9 S.W.3d at 814. This opinion does not
preclude Dockery from raising his ineffective assistance claim in an application for post-conviction writ of habeas corpus. 
See id. at 814-15 (noting recourse available for ineffective assistance of counsel claims via an application for writ of habeas
corpus).

Conclusion


 The judgment of the trial court is affirmed.

 Alma L. López, Chief Justice



DO NOT PUBLISH

1. Dockery was found competent to stand trial after a pre-trial competency hearing.